# IN THE COURT OF APPEALS OF IOWA

No. 19-0245
Filed May 1, 2019

IN THE INTEREST OF J.M.,
Minor Child,

R.M., Father,
    Appellant.
_____

    Appeal from the Iowa District Court for Greene County, William C. Ostlund, Judge.

    A father appeals the termination of his parental rights. **AFFIRMED.**

    Ashley Beisch of Wild, Baxter & Sand, P.C., Guthrie Center, for appellant father.

    Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

    Mark Rasmussen of Rasmussen Law Office, Jefferson, guardian ad litem for minor child.

    Considered by Potterfield, P.J., Doyle, J., and Danilson, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

In February 2018, the child, J.M., was born with methamphetamine in its system. The child was removed from the parents' custody by ex parte removal order on March 6 while hospitalized in the neonatal intensive care unit. The child has never returned to parental care or custody. The father was provided sixty-seven opportunities to visit the child. The father attended just ten visits; on only three occasions did the father stay the entire time he was granted.

J.M. was adjudicated a child in need of assistance (CINA) on April 11, 2018. A termination hearing was held on January 18, 2019—the father was served but did not appear at the hearing and did not respond to his attorney's attempts to contact him. On January 29, the court entered an order terminating the father's parental rights pursuant to Iowa Code section 232.116(1)(e) (2018) (lack of significant contacts) and (h) (child three years or younger who has been adjudicated CINA and has been out of parents' custody for the last six consecutive months and cannot be returned to parent at present).

On appeal,[1] the father asserts grounds for termination have not been proved. We review termination decisions de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). On our review, we conclude it is clearly shown the child is under three years of age, has been adjudicated CINA, has been out of the father's custody for more than the statutory six-month period, and cannot be returned to the father at present due to unaddressed substance-abuse and domestic-abuse issues, as well as a lack of contact between the father and child. Grounds for

---

[1] The mother consented to the termination of her parental rights and does not appeal.

termination under section 232.116(1)(h) exist.  *See id.* at 707 ("[W]e may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence.").

The father asks that he be granted an additional six months in which to seek reunification.  The father has not completed any of the recommended and court-ordered services, has not obtained recommended mental-health or substance-abuse evaluations, and has failed to provide random drug testing.  In light of the father's failure to engage in services and to visit the child, we do not find a six-month extension is warranted here.  *See* Iowa Code § 232.104(2)(b) (allowing deferral of termination if the court can enumerate "specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period").  The child is in a pre-adoptive home and deserves permanency.  We affirm the termination of the father's parental rights.

**AFFIRMED.**